UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS
C.A. NO.: _____

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF AMERICA, as subrogee of Ralans, Inc.<br><br>PLAINTIFF,<br><br>VS.<br><br>ARCHER DANIELS MIDLAND COMPANY,<br><br>DEFENDANT. | **COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff TRAVELERS INDEMNITY COMPANY OF AMERICA a/s/o Ralans, Inc., sues Defendant Archer Daniels Midland Company and alleges that:

## THE PARTIES

1. Plaintiff TRAVELERS INDEMNITY COMPANY OF AMERICA a/s/o Ralans, Inc. ("Travelers") is a Connecticut corporation authorized to conduct business in the State of Tennessee with its principal place of business in Hartford, Connecticut.

2. Plaintiff's subrogor, Ralans, Inc., is a Tennessee Corporation who at all relevant times, owned and operated a Sonic Restaurant at 2865 South Perkins Road, Memphis, Tennessee. At all relevant times, Travelers provided business and property insurance to Ralans against losses arising from certain hazards to the Sonic Restaurant and of which said policy was in full force and effect.

3. Defendant Archer Daniels Midland Company ("ADM") is a Delaware corporation, with its principal place of business in Decatur, Illinois. At all relevant times, Defendant was

engaged in the business of developing, manufacturing and selling cooking oil products and services for the consumer market. At all relevant times, Defendant sold and advertised its products, including a vegetable oil product, in Shelby County, Memphis and elsewhere. The vegetable oil product is hereinafter referred to as "high stability liquid shortening", also known as "vegetable oil."

### JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 as diversity of citizenship exists between the Plaintiff and the defendant and the claim amount exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of costs and interest.

5. Venue is proper in this Court as the cause of action which gives rise to this Complaint occurred in Shelby County, Memphis, Tennessee.

### FACTUAL ALLEGATIONS

6. Prior to August 12, 2008 Ralans purchased defendant's vegetable oil for use in its restaurant.

7. On or about August 12, 2008 Ralans' employees dried soiled aprons and towels in the restaurant's drying machine.

8. Ralans' employees ran the dryer with the vegetable oil soiled aprons and towels and left these garments in the dryer when they closed the restaurant that night.

9. On or about August 12, 2008 a fire occurred at the Ralans' Sonic restaurant resulting in substantial damage to Ralans' property and business interests (hereinafter "The Fire").

10. The Fire was caused by the spontaneous combustion of the vegetable oil. The packaging for the vegetable oil did not warn about the potential fire hazard for spontaneous combustion nor did it provide any specific handling and cleaning instructions and directions for the product.

11. As a direct and proximate result of the fire and resultant damages, Plaintiff Travelers paid Ralans Nine Hundred Twenty Thousand Nine Hundred Nineteen Dollars and 85/100 ($920,919.85). As a result of its payments, Plaintiff Travelers is subrogated to the rights of Ralans to recover damages from third persons, to the extent of the payments made by Plaintiff Travelers.

12. The negligent acts and omissions of defendant directly and proximately caused Plaintiff's damages. Accordingly, defendant is liable to Plaintiff for the previously described damages.

## COUNT I - NEGLIGENCE

13. Plaintiff Travelers realleges Paragraphs 1 through 12 and incorporates the same herein by reference.

14. Defendant owed a duty to Ralans to exercise reasonable care in the development, design, manufacture, fabrication, production, distribution, inspection, testing and marketing of its vegetable oil.

15. Defendant, by reason of the conduct of its agents, employees and representatives, breached its duty by committing one or more of the following negligent acts or omissions including, but not limited to, the following:

    a. Defendant failed to adequately warn Ralans and other potential users that vegetable oil soaked garments and rags left in a dryer posed a fire hazard.

    b. Defendant failed to adequately provide Ralans and other potential users with proper handling and cleaning instructions and directions for vegetable oil soaked garments and rags left in dryers.

    c. All other negligent acts or omissions as shall be revealed through discovery procedures in this litigation.

16. The Fire would not have occurred if defendant had adequately warned Ralans that vegetable oil soaked garments left in a dryer posed a fire hazard and/or if the Defendant had adequately provided instructions and directions to Ralans for the handling and cleaning of vegetable oil soaked garments.

17. As a direct and proximate result of defendant's negligence, carelessness and negligent omissions, Ralans sustained substantial damage and destruction to its property, as well as other losses by reason of the interruption of its business. As a result, Ralans suffered damages in the amount of Nine Hundred Twenty Thousand Nine Hundred Nineteen Dollars and 85/100 ($920,919.85).

**WHEREFORE**, Plaintiff demands judgment against defendant for $920,919.85, plus interest and costs.

## COUNT II – STRICT LIABILITY IN TORT

18. Plaintiff Travelers realleges Paragraphs 1 through 12 and incorporates the same herein by reference.

19. The Fire and the resulting damages to Ralans' property were directly and proximately caused by the actions of Defendant in selling and distributing vegetable oil without

4

the proper warnings of the product's potential fire hazards and without proper handling and cleaning instructions and directions which constitutes the vegetable oil as a defective product unreasonably dangerous and defective to Ralans and other users.

20. Defendant is in the business of manufacturing and selling products such as vegetable oil.

21. Ralans was the ultimate consumer or user of the vegetable oil.

22. The vegetable oil reached Ralans without substantial change in the condition in which it was sold and Ralans used the vegetable oil in this unchanged condition.

23. The Fire would not have occurred if Defendant had provided adequate warnings and proper handling and cleaning instructions and directions for the vegetable oil.

24. As a result of the acts or omissions of Defendant, for which it is strictly liable under the Tennessee Products Liability Act of 1978, Ralans sustained substantial damage and destruction to its property, and other losses by reason of the interruption of its business. As a result, Plaintiff suffered damages in the amount of Nine Hundred Twenty Thousand Nine Hundred Nineteen Dollars and 85/100 ($920,919.85).

**WHEREFORE**, Plaintiff demands judgment against the defendant for $920,919.85, plus interest and costs.

PLAINTIFF REQUESTS A TRIAL BY JURY IN THIS ACTION.

Respectfully submitted this the 24 day of August, 2010.

LAW OFFICES OF F. GUTHRIE CASTLE, JR.

BY: s/F. Guthrie Castle, Jr.
F. Guthrie Castle, Jr., Esquire
Tennessee Bar No.: 9757
7948 Winchester Road
#109-130
Memphis, TN 38125
Phone: 901-756-6100
Fax: 901-347-0445
Email: ~~feg@castle-law.com~~
fgc@castle-law.com

Hunter C. Quick, Esquire
Tennessee Bar No.: 010584
Albert S. Nalibotsky, Esquire
QUICK, WIDIS & NALIBOTSKY, PLLC
2115 Rexford Road, Suite 100
Charlotte, NC 28211
Phone: 704-364-2500
Fax: 704-365-8734
Email: analibotsky@qwnlaw.com

*Counsel for Plaintiff Travelers Indemnity Company of America*